IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID LEE GOLLAHON,**

                       **Plaintiff,**

       **v.**                                            **CASE NO. 21-3265-SAC**

**RILEY COUNTY JAIL, et al.,**

                       **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a federal prisoner held in the Riley County Jail, Manhattan, Kansas, proceeds pro se. His fee status is pending.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Although plaintiff states he has requested a copy of his financial records from the Riley County Jail without success, he does

not explain when or how such a request was made or whether he filed a grievance concerning this matter. The court will direct plaintiff to provide a more detailed statement of his efforts to obtain the financial statement required by the in forma pauperis statute and will grant provisional in forma pauperis status.

## Nature of the Complaint

The complaint names as defendants the Riley County Jail; Dennis Butler, Director of the Riley County Jail; Derrick Woods, a captain at the Riley County Jail; and Brenda Navarette, a nurse at the Riley County Jail. Plaintiff alleges that upon his transfer of custody for extradition to Riley County, his cane was taken from him and has not been returned.

Plaintiff states he requested the return of his cane and was advised the jail had requested his medical records from the Bureau of Prisons facility where he was held prior to his extradition and that his condition would be assessed after those records arrived. Plaintiff filed a grievance concerning access to the cane, and he complained of being housed on the top tier of the housing unit, a placement that requires him to walk up and down the stairs. In response, defendant Woods advised plaintiff that although canes are not allowed, he could be issued a walker but would have to move to the medical housing area. That area is more restrictive and currently houses prisoners with mental health conditions and those under quarantine. As a result, plaintiff prefers not to move to that housing. Instead, he has requested to move to a lower tier in one of two cells he identifies as equipped for prisoners with mobility issues. This request was denied by defendant Woods.

Defendant Navarette received and reviewed plaintiff's medical

records and found that plaintiff does need a cane. She again advised plaintiff that while jail policy bars the use of canes, he could receive a walker if he transferred to the medical tier. She also advised him that his records show that he is to be on a bottom bunk but do not require him to be assigned to bottom tier housing.

Plaintiff's grievance on this point was denied. His complaint states that his physical condition has deteriorated due to his lack of a cane, that he suffers from pain, and has difficulty sleeping, exercising, and walking distances.

Plaintiff also challenges the imposition of co-pays at the jail for medication and for an emergency room visit, claiming that these payments are barred by the Uniform Mandatory Disposition of Detainers Act.

He seeks declaratory and injunctive relief and damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090,

1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The court has identified certain deficiencies in the complaint. First, the Riley County Jail is not a proper defendant in a civil rights action. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As a governmental sub-unit, a prison or jail cannot sue or be sued because such an entity is not a "person" subject to suit for monetary damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). Therefore, such a defendant is subject to dismissal. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

Next, the complaint contains no specific allegations concerning defendant Butler except that he is the jail's highest authority with supervisory and oversight responsibility. Plaintiff may not name an individual as a defendant based solely

on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability). An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423- 24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation ... must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused

the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Third, plaintiff's claim concerning his lack of a cane implicates his right to adequate medical care. The Eighth Amendment protects a prisoner from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard has both objective and subjective components. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). To meet the objective component, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104-05; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of

and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

In this case, plaintiff has received medical attention, and although he is dissatisfied with the policy that prevents him from having his cane, it is plain that he has been given an alternative, namely, access to a walker with placement in a housing unit for medical patients. While plaintiff has chosen not to live in that area due to its greater restrictions, the provision of that option shows that defendants have examined his medical circumstances and have provided him with a choice of housing that would allow him to use a mobility aid. The court finds that plaintiff has failed to allege facts that would support a finding of deliberate indifference to him medical needs.

Plaintiff also claims the jail erred in imposing its medical co-pay requirements on him because he is subject to the Uniform Mandatory Disposition of Detainers Act (UMDDA).

As the court explained in a separate action filed by plaintiff, it appears that this matter is governed by the Agreement on Detainers (AOD), rather than the UMDDA.[1] The AOD, however, contains essentially

---

[1] *See Gollahon v. State of Kansas*, Case No. 21-3243-SAC, 2021 WL 5177381, *3 (D. Kan. Nov. 8, 2021), in which the court cited a decision of the Kansas Court of Appeals that explained:

"The statutory right to a speedy trial of an inmate who is confined in a penal or correctional institution *in this*

identical language to that relied upon by the plaintiff:

> From the time that a party state receives custody of a prisoner pursuant to this agreement until such prisoner is returned to the territory and custody of the sending state, the state in which the one or more untried indictments, informations or complaints are pending or in which trial is being had shall be responsible for the prisoner and *shall also pay all costs of transporting, caring for, keeping and returning the prisoner*. The provisions of this paragraph shall govern unless the states concerned shall have entered into a supplementary agreement providing for a different allocation of costs and responsibilities as between or among themselves. Nothing herein contained shall be construed to alter or affect any internal relationship among the departments, agencies and officers of and in the government of a party state, or between a party state and its subdivisions, as to the payment of costs, or responsibilities therefor.
>
> Kan. Stat. Ann. § 22-4401 (h)(emphasis added).

Plaintiff relies on this language for his claim that he is exempt from the medical co-pays imposed by the jail on those held there. Plaintiff offers no authority for this position, nor has the court's research identified any. In any event, however, the question appears to be a matter of state law rather than a claim of constitutional error cognizable in an action under Section 1983.

## Conclusion

For the reasons set forth, the court directs plaintiff to supply additional explanation concerning his efforts to obtain a financial statement in support of his application for leave to proceed in forma

---

*state* excluding a federal penitentiary is governed by the Uniform Mandatory Disposition of Detainers Act (UMDDA), K.S.A. 22-4301, *et seq.* The statutory right to a speedy trial of an inmate who is confined in a penal or correctional institution *in another state* or in a federal penitentiary is governed by the Agreement [on Detainers, K.S.A. 22-4401, et seq.]" *State v. Waldrup*, 46 Kan. App. 2d 656, 669-70 (Kan. Ct. App. 2011), *rev. denied* Feb. 20, 2013.

pauperis and to show cause why this matter should not be dismissed for failure to state a claim for relief. Plaintiff also is given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. If plaintiff chooses to file an amended complaint, he must (1) present only properly-joined claims and defendants; (2) allege sufficient facts to state a claim for a federal constitutional violation; and (3) allege sufficient facts to show personal participation by each named defendant. If plaintiff fails to respond within the prescribed time, this matter will be decided based upon the present deficient complaint and may be dismissed without further notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **December 22, 2021,** to respond as directed. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted.

**IT IS SO ORDERED.**

DATED:  This 22nd day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge