IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID LEE GOLLAHON,

              Plaintiff,

vs.                                    Case No. 21-3265-SAC

DERRICK WOODS, et al.,

              Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's amended § 1983 complaint which makes allegations arising from plaintiff's incarceration in the Riley County Jail.[1] The court applies the screening standards discussed at pp. 3-5 of the court's last screening order – Doc. No. 3.

I. The amended complaint

The amended complaint alleges claims against Derrick Woods, Captain of the Riley County Jail, and Brenda Navarette, a nurse employed at the jail. Plaintiff asserts that he has been denied adequate medical treatment in violation of his rights under the Eighth Amendment. More specifically, plaintiff alleges that defendants have denied him "the prescribed use of a cane," noting that defendant Woods is not a medical professional and defendant

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

Navarette is not a doctor. Plaintiff indicates that he has been offered "an alternate course of treatment" which the amended complaint labels as "arbitrary."

Plaintiff further alleges that his rights to due process under the Fourteenth Amendment have been violated by defendant Woods' charging plaintiff for medications in alleged violation of K.S.A. 19-4444.

## II. Denial of a cane

The amended complaint's allegations do not state a plausible claim for relief under the Eighth Amendment.

### A. Eighth Amendment standards

The Eighth Amendment imposes a duty to provide "humane conditions of confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). As the court stated in the first screening order:

> The Eighth Amendment protects a prisoner from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted).
>
> The "deliberate indifference" standard has both objective and subjective components. Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). To meet the objective component, the deprivation must be

>"sufficiently serious," and the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." Estelle, 429 U.S. at 104-05; Farmer v. Brennan, 511 U.S. 825, 834 (1994), Martinez, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Martinez, 430 F.3d at 1304 (quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)).
>
>"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Id. (quoting Sealock, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1305 (quoting Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Doc. No. 3, pp. 7-8.

The amended complaint makes the vague claim that plaintiff was denied the use of a cane but offered an "arbitrary" alternative which plaintiff has apparently declined. The amended complaint does not describe the alternative, but according to the original complaint, plaintiff was offered the option of an assignment to a medical tier where he could use a walker. Plaintiff, however, did not choose this option because he would have substantially less time outside his cell.[2]

Plaintiff does not allege facts suggesting that the "arbitrary" alternative was cruel and unusual, inhumane, or that

---

[2] One hour versus nine hours.

3

it would cause him serious illness or injury. He merely alleges that the apparent policy against canes in the Riley County Jail must be disregarded, under the Eighth Amendment, if an inmate has a "prescription" for a cane. The court disagrees that this "policy" presents an Eighth Amendment issue. As the court stated in <u>Bobo v. Rose</u>, 2019 WL 4750563 *4 (N.D.Ohio 9/30/2019), where the plaintiff objected to placement in medical isolation: "At times, there may be more than one option for treatment of a condition, and disputes over which option is best under the circumstances generally do not rise to the level of an Eighth Amendment violation." Plaintiff was given an option of using a walker in a medical wing. Although he turned down that option, plaintiff does not allege that the conditions in the medical wing were unconstitutional, only that he prefers a different set of living conditions which may be permitted at a different prison. This fails to describe a plausible Eighth Amendment violation. See <u>Thompson v. Crnkovich</u>, 788 Fed.Appx. 258 (5th Cir. 2019)(rejecting claim by inmate contesting denial of walker when he was offered a cane); <u>Burley v. Davis</u>, 2020 WL 2487054 *7 (E.D.Tex. 2/20/2020)(decision of whether to provide cane or walker is a matter for medical judgment, not an Eighth Amendment issue); <u>Garrett v. Sulser</u>, 2020 WL 562804 *3 (E.D.Tex. 2/5/2020)(same); <u>Frenard v. Wexford Health Sources, Inc.</u>, 2019 WL 8758915 *7 (C.D.Ill. 3/18/2019)(no Eighth Amendment violation for prescribing

4

a cane instead of a walker for four months); Thomas v. Walton, 2013 WL 2338248 *7-8 (W.D.Pa. 5/29/2013)(receiving a wheelchair instead of cane or walker does not violate the Eighth Amendment); Blakely v. Moore, 2013 WL 980412 *2-3 (D.S.C. 3/12/2013)(decision to substitute walker for walking cane was a mere difference over a matter of medical judgment and reasonably related to legitimate penological interests).

III. Co-pays

Plaintiff objects that defendant Woods charges plaintiff or deducts funds for medications. Plaintiff alleges that this is a violation of K.S.A. 19-4444 and due process. The court rejects plaintiff's claim for the following reasons. First, K.S.A. 19-4444 does not prohibit the assessment of co-pays against inmates for medical expenses by a county law enforcement agency. The statute provides that the county general fund shall be assessed costs incurred for medical care and treatment of prisoners "when a determination has been made that the prisoner has no other resources." K.S.A. 19-4444(b)(2). This language does not prohibit co-pays or other assessments. Therefore, plaintiff has not described a violation of state law.[3]

Second, plaintiff has not described a deprivation of property without due process of law. In Hawes v. Stephens, 964 F.3d 412,

---

[3] Moreover, a violation of state law may not be litigated as a § 1983 claim because it is not a violation of the Constitution or laws of the United States. See D.L. v. United Sch. Dist. No. 497, 596 F.3d 768, 776 (10th Cir. 2010).

5

418 (5th Cir. 2020), the Fifth Circuit rejected a claim that the assessment against inmate trust funds violated the Due Process Clause because a meaningful postdeprivation remedy was available. See also Watkins v. Broward County Sheriff, 2016 WL 7669719 *2-3 (S.D.Fla. 1/6/2016).  Cases from the Tenth Circuit and courts in the District of Kansas have made similar holdings.  See Gee v. Pacheco, 627 F.3d 1178, 1194 (10th Cir. 2010); Sawyer v. Green, 316 Fed.Appx. 715, 717 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property); Lee v. Meyer, 2020 WL 4583848 *2 (D.Kan. 8/10/2020); Neff v. Winfield Corr. Facility, 2020 WL 1659884 *3–4 (D. Kan. 4/3/2020); McKeighan v. Corrections Corp. of America, 2008 WL 3822892 *5 (D. Kan. 8/13/2008); Murray v. Roberts, 2007 WL 3353731 *2 (D. Kan. 11/8/2007).

IV. Conclusion

For the above-stated reasons, the court finds that the amended complaint has failed to state a plausible claim for relief. Therefore, the court directs that this case be dismissed.

**IT IS SO ORDERED.**

Dated this 4th day of January 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge